## Rose Valley Borough et al. v. Rose Valley Acres

*Allen S. Olmsted, 2d,* for plaintiffs.

*Lutz, Ervin, Reeser & Fronefield,* and *Edward H. Bryant, Jr.,* for defendant.

BROOMALL, J., May 27, 1938.—This bill in equity, filed by the Borough of Rose Valley (hereinafter called Borough) and Robert M. Saul, trustee, seeks to enjoin defendants from using the name "Rose Valley Acres" in connection with their real estate development, which is not within the corporate limits of the borough, upon the ground that the names are so similar that the use thereof by defendants is an invasion of the property rights of plaintiffs and confusing and misleading to the public. . . .

Sixteen and 24-page briefs submitted in this case refer principally to historical matters having little to

do with the issue involved, and cite numerous cases involving trade or business names and unfair competition in this and other jurisdictions. Both sides concede that there are no cases directly in point. This is probably due to the fact that it is a universal custom, in establishing a new community, to adopt the geographical name of some existing locality with additions thereto, such as "North," "South," "Park" or "Heights," to distinguish and designate the new locality from the original, regardless of whether it is within or without the boundary lines of the locality included in the original geographical name. Numerous examples may be cited and it is therefore significant that such use of geographical names by other communities has not been the subject of litigation.

The question here involved is, briefly stated, do municipal corporations, or the landowners or taxpayers therein, have exclusive or property rights in their geographical name which will bar its use by third persons with some distinguishing word or words? To state the question really answers it. "United States" the geographical name of our country and "Pennsylvania" of our State, with their synonyms "Uncle Sam" and "Quaker State", are in such constant use with other words that when spoken or printed the distinguishing words are immediately noticeable with little if any confusion. The rule with reference to the use of a geographical name of a municipal corporation or community is that the exact name alone may not be used by third persons, but it may be used with added descriptive words which make the whole distinctive. The combination must not be deceptive to persons of ordinary intelligence. There can be no pecuniary loss by such use simply because of inconvenience or confusion to those not familiar with the locality.

The rule of law as to trade or business names, as between third persons, is that the geographical name of a community cannot be appropriated as the exclusive prop-

erty of anyone: Glendon Iron Co. v. Uhler et al., 75 Pa. 467, 470; Quaker State Oil Refining Co. v. Steinberg et al., 325 Pa. 273, 277. In the last case the opinion at page 279, cited Merriam Co. v. Saalfield, 198 Fed. 369, 373, where the court said, inter alia:

"The alleged trespassing defendant has the right to use the word, because in its primary sense or original sense the word is descriptive; but, owing to the fact that the word has come to mean, to a part of the public, something else, it follows that when the defendant approaches that same part of the public with the bare word, and with nothing else, applied to his goods, he deceives that part of the public, and hence he is required to accompany his use of the bare word with sufficient distinguishing marks normally to prevent the otherwise normally resulting fraud.' "

We cannot find from the evidence that plaintiffs have the exclusive right to use the name "Rose Valley". Their municipality is incorporated under the name of "Borough of Rose Valley". This distinguishes the two the same as the name "Rose Valley Acres", adopted by defendants for the nearby community which they are developing, is readily distinguishable from either one by persons familiar with the locality. Neither can we find that the name adopted by defendants is deceptive to persons of ordinary intelligence.

That our decision is sound in principle is confirmed when we consider the contentions of plaintiffs as set forth in the concluding statement of their brief. They say, "The vital point of this case is conceded in the answer; the name 'Rose Valley Acres' leads the public to think defendants' development is in Rose Valley. It is not in Rose Valley. The name is therefore a misrepresentation. It was adopted, according to the admission of one of the defendants, because it would help sell houses, that is, because of the good will attached to the name. Defendants admittedly did nothing to create that good will, which is the result of long years of Rose Valley

history. This bland effort to make money on other peoples' reputation is an unfair trade practice and should be enjoined."

Our answers, if required, would be that the name "Rose Valley Acres" leads the public to think defendants' development is in the Rose Valley section, not necessarily in the Borough of Rose Valley. The use of the word "Acres" with "Rose Valley" distinguishes that combination of words from the words "Borough of Rose Valley" or "Rose Valley," so there is no misrepresentation or deception to a person of ordinary intelligence familiar with the locality. Defendants have the legal right to adopt the name selected even though it will help sell houses as claimed, because there is no good will attached to a geographical place name. If a bland effort to make money on other peoples' reputation is an unfair trade practice, then, if such a statement were supported by the evidence, which it is not, defendants are within the law in using a geographical place name with another word which distinguishes it. . . .

### Decree nisi

And now, to wit, May 27, 1938, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. The bill of complaint filed by plaintiff against defendants is dismissed and the prayers thereof refused.

2. Plaintiffs to pay the cost of this proceeding.

The prothonotary is directed to notify counsel for all parties of the filing of the foregoing findings of fact, conclusions of law and decree nisi and, unless exceptions are filed thereto within 10 days from receipt of such notice, the decree nisi is to be entered as the final decree in this case.